FREDERICK M. REICH, Esq. CSBN 157028
**Law Offices of James J. Warner**
3233 Third Avenue
San Diego, CA  92103
Telephone No.:(619)243-7333
Facsimile No.:(619)243-7343
Email:freich@jwarnerlaw.com

Attorney for Plaintiff
Ariel Freaner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL FREANER, <br><br> Plaintiff, <br><br> v. <br><br> ENRIQUE MARTIN LUTTEROTH VALLE, HOTELERA CORAL, S.A. de C.V., a stock company of Baja California, Republic of Mexico; and DOES 1 to 10 <br><br> Defendants. | CASE NO.: 11CV1819 JLS MDD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

## I.

## STATEMENT OF FACTS

On or about June 23, 2008, the parties entered into a written contract entitled "Services Agreement" (hereinafter "Agreement"). The binding arbitration agreement contained in the Agreement states:

> d. Arbitration. Any controversy or claim arising out of or related to this Agreement, or breach thereof, shall be submitted to and resolved by binding arbitration. The arbitration will be conducted in San Diego, California by a single neutral arbitrator and in accordance with the then current rules of the American Arbitration Association. The arbitrator shall have the power to enter any award that could be entered by a judge of the trial court of the State of California, and only such power, and shall follow the law. The parties agree to abide by and perform any award rendered by the arbitrator. The arbitrator shall issue the

1

> award in writing and therein shall state the essential findings and conclusions on which the award is based. Judgment on the award may be entered in any court having jurisdiction thereof.

(Attached to the Declaration of Frederick M. Reich filed concurrently herewith is a true and correct copy of the Agreement).

The Agreement also contained a provision specifying the place of performance, choice of law, and consent to jurisdiction. Paragraph 18.e. reads:

> e. California Law to Govern. This Agreement is being delivered and is intended to be performed in the State of California and is to be construed and enforced in accordance with the laws of California. Each party consents to the jurisdiction and venue of the state or federal courts in San Diego, California in any action, suit, or proceeding arising out of or relating to this Agreement.

A dispute has arisen concerning whether Defendants breached the Agreement, and if so, the nature and extent of Plaintiff's damages.

On June 21, 2011, Plaintiff filed a Breach of Contract Complaint in the Superior Court, County of San Diego, Case No. 37-2011-00093218.

The parties attempted to, but were unsuccessful in agreeing on an arbitrator. Further, Defendant has attempted to place conditions as to both the arbitrator and the applicable law which are not contained in the Agreement.

On August 15, 2011, Defendant Lutteroth filed a Motion To Compel Arbitration and then immediately removed this action to Federal Court. Since Defendant's Motion To Compel Arbitration was filed in State Court, this court does not have it on calendar. Therefore, Plaintiff brings the present motion in this

Court.

## II.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A. Parties Agree To Binding Arbitration But Defendant Attempts To Add Conditions Not Contained in the Agreement**

The parties agree that this matter is to be resolved through binding arbitration. However, the parties cannot agree upon an arbitrator. Yet, curiously, Defendant Lutteroth refuses to submit this matter to an arbitration service and employ a "strike and rank" process for arbitrator selection.

**B. Defendant's Attempt To Gain Tactical Advantage**

Defendant attempts to place its unilateral conditions on both the arbitrator selection and on the process itself surely in order to gain some perceived tactical advantage.

**1. Bilingual Arbitrator?**

First, Defendant asserts that the arbitrator must be bilingual. The Agreement does not provide for a bilingual arbitrator. In fact, quite to the contrary, the Agreement makes clear that any dispute is to be resolved in San Diego, California in the English language. The choice-of-law provision in Paragraph 18.e. requires that California law shall apply to any dispute. Also, the parties agreed to jurisdiction and venue in San Diego, California where, obviously, legal proceedings are conducted in the English language.

Furthermore, Paragraph 17 provides in part:

> In the unlikely event that a dispute arises, the English version of all correspondence shall govern. Where there is no English version, however, Clients shall be responsible for any costs of translation that may be necessary in the

| | |
|---|---|
| 1 | event that a dispute arises. |
| 2 | Nothing in the Agreement contemplates that the arbitration |
| 3 | would be conducted in Spanish, either whole or part, or that the |
| 4 | arbitrator must be bilingual.  Plaintiff's counsel does not read, |
| 5 | write of speak Spanish.  For any portion of the arbitration to be |
| 6 | conducted in Spanish would prejudice Plaintiff.  Plaintiff |
| 7 | submits that this is the true reason for Defendant's insistence |
| 8 | on a bilingual arbitrator.  Defendant's attempt to impose this |
| 9 | unilateral condition is not based on the Agreement or laws of |
| 10 | California. |

### 2. International Commercial Law?

Second, Defendant argues that the arbitrator must be familiar with international commercial law. Again, Defendant attempts to fabricate terms and conditions out of thin air. Nothing in the Agreement contains such a requirement. In fact, the Agreement specifies that California law shall govern any dispute, not international commercial law. Again, Paragraph 18.e. clearly states that "[t]his Agreement...is to be construed and enforced in accordance with the laws of California."

The present matter is a straight forward breach of contract case governed by state law. Nothing more, nothing less.

### III.

### CONCLUSION

While both parties agree that this dispute will be resolved by binding arbitration, Defendant will only agree to arbitration if he can add unilateral conditions to the process even though those conditions directly contradict the Agreement itself. The arbitration should take place in accordance with the terms of the

4

| | |
|---|---|
| 1 | Agreement entered into between the parties. |
| 2 |     Plaintiff respectfully requests that the parties be ordered |
| 3 | to submit this matter to binding arbitration through AAA, and |
| 4 | that they be ordered to employ the "strike and rank" arbitrator |
| 5 | selection process contained in AAA rules. Further, Plaintiff |
| 6 | respectfully requests that a finding be made that the law of |
| 7 | California apply to this dispute. |

**LAW OFFICES OF JAMES J. WARNER**
Respectfully Submitted,

Dated: September 2, 2011

/s/ Frederick M. Reich
Frederick M. Reich
Attorney for Plaintiff
Ariel Freaner