**FREDERICK M. REICH, Esq. CSBN 157028**
**Law Offices of James J. Warner**
3233 Third Avenue
San Diego, CA   92103
Telephone No.:(619)243-7333
Facsimile No.:(619)243-7343
Email:freich@jwarnerlaw.com

Attorney for Plaintiff
Ariel Freaner

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIEL FREANER, | CASE NO.: 11CV1819 JLS MDD |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT** |
| ENRIQUE MARTIN LUTTEROTH VALLE, HOTELERA CORAL, S.A. de C.V.,a stock company of Baja California, Republic of Mexico; and DOES 1 to 10 | |
| Defendants. | |

I.

**INTRODUCTION**

Plaintiff and Defendants entered into a written contract which contained the following provisions:

1. Choice-of-Law - California

2. Place-of-Performance - California

3. Jurisdiction and Venue - San Diego, California

4. Binding Arbitration

Plaintiff is informed and believes that Defendant Enrique Martin Lutteroth Valle (hereinafter "Defendant" or "Mr. Lutteroth") is a United States Citizen residing in San Diego County, California.

1    Plaintiff Ariel Freaner is a United States Citizen residing
2 in San Diego County, California.

3    Plaintiff filed a state law, breach of contract action in
4 the Superior Court, County of San Diego. Defendant Lutteroth
5 removed this action to this Court alleging original jurisdiction
6 pursuant to the Federal Arbitration Act.

7                               I.

8                       **STATEMENT OF FACTS**

9    On or about June 23, 2008, the parties entered into a
10 written contract entitled "Services Agreement" (hereinafter
11 "Agreement"). The Agreement contained a provision specifying the
12 place of performance, choice of law, and consent to jurisdiction.
13 Paragraph 18.e. reads:

14       **e. California Law to Govern.** This Agreement is being
         delivered and is intended to be performed in the State of
15       California and is to be construed and enforced in accordance
         with the laws of California.
16
         (Attached to the Declaration of Frederick M. Reich filed
17       concurrently herewith is a true and correct copy of the
         Agreement).
18
     The Agreement also contains the following arbitration
19
     provision:
20
         **d. Arbitration.** Any controversy or claim arising out of or
21       related to this Agreement, or breach thereof, shall be
         submitted to and resolved by binding arbitration. The
22       arbitration will be conducted in San Diego, California by a
         single neutral arbitrator and in accordance with the then
23       current rules of the American Arbitration Association. The
         arbitrator shall have the power to enter any award that
24       could be entered by a judge of the trial court of the State
         of California, and only such power, and shall follow the
25       law. The parties agree to abide by and perform any award
         rendered by the arbitrator. The arbitrator shall issue the
26       award in writing and therein shall state the essential
         findings and conclusions on which the award is based.
27       Judgment on the award may be entered in any court having
         jurisdiction thereof.
28

                              2

1
2    (Attached to the Declaration of Frederick M. Reich filed
     concurrently herewith is a true and correct copy of the
     Agreement).

3    A dispute has arisen concerning whether Defendants breached
4    the Agreement, and if so, the nature and extent of Plaintiff's
5    damages.

6    On June 21, 2011, Plaintiff filed a Breach of Contract
7    Complaint in the Superior Court, County of San Diego, Case No.
8    37-2011-00093218. The Complaint alleges that the parties entered
9    into a written contract and that:

10       Defendants requested and Plaintiff performed additional
         extra services not specified in the written Service
11       Agreement. Pursuant to the Agreement, Defendants agreed to
         pay Plaintiff an hourly rate for additional extra services.
12       Defendant failed to pay Plaintiff for these additional
         services.
13

14   On August 15, 2011, Defendant Lutteroth filed a Motion To
15   Compel Arbitration and then immediately removed this action to
16   Federal Court. In his Notice of Removal, Defendant asserts that
17   this Court has original jurisdiction pursuant to 28 U.S.C.
18   section 1441(b) due to the arbitration clause contained in the
19   Agreement.

20                                  II.

21                   **MEMORANDUM OF POINTS AND AUTHORITIES**

22   The present matter is a straight-forward, state law, breach
23   of contract case. The Federal Arbitration Act cannot provide the
24   sole basis for federal jurisdiction. Furthermore, the parties
25   agreed that California law governs the construction and
26   enforcement of the Agreement. There is no federal question or
27   diversity jurisdiction. Therefore, the removal of this matter to
28   federal was improper and remand to state court is warranted.

                                    3

1    In removing this action, Defendant relies on the Federal

2    Arbitration Act (9 U.S.C. sections 1 et seq.) and 28 U.S.C.

3    section 1441(b) which provides:

4        Any civil action of which the district court has original
         jurisdiction founded on a claim or right arising under the
5        Constitution, treaties or laws of the United States, shall
         be removable without regard to the citizenship or residence
6        of the parties.  Any other such action shall be removable
         only if none of the parties in interest properly joined and
7        served as defendants is a citizen of the State in which such
         action is brought.

8
         28 U.S.C. section 1441(b).
9
     **A.   The Federal Arbitration Act Does Not Provide An
10         Independent Basis For Jurisdiction**

11       9 U.S.C. section 4 of the Federal Arbitration Act confers

12   jurisdiction to the Federal Courts to enforce arbitration

13   agreements, but only to the extent that the court would otherwise

14   have jurisdiction over the matter.  It states:

15       A party aggrieved by the alleged failure, neglect, or
         refusal of another to arbitrate under a written agreement
16       for arbitration may petition any United States district
         court which, save for the agreement, would have jurisdiction
17       under title 28, in a civil action...of the subject matter of
         a suit...

18
         9 U.S.C. section 4.
19
         The United State Supreme Court explain that:
20
         [t]he Arbitration Act is something of an anomaly in the
21       field of federal court jurisdiction.  It creates a body of
         federal substantive law establishing and regulating the duty
22       to honor an agreement to arbitrate, yet it does not create
         any independent federal question jurisdiction under 28
23       U.S.C. section 1331 (1976 ed., Supp. V) or otherwise.
         Section 4 provides for an order compelling arbitration only
24       when the federal district court would have jurisdiction over
         a suit on the underlying dispute; hence there must be
25       diversity of citizenship or some other independent basis for
         federal jurisdiction before the court can issue.
26
         Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
27       (1983) 460 U.S. 1, 25 n. 32.  See also Circuit City Stores,
         Inc., v. Najad, 294 F.3d 1104, 1106 (9ᵗʰ Cir. 2002).
28

                                4

1    Stated simply, the FAA "bestow[s] no federal jurisdiction
2 but rather requires an independent jurisdictional basis." Hall
3 St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).

4    Defendant's removal of this action was based solely on the
5 arbitration provision in the contract. Defendant does not (and
6 cannot) assert federal question jurisdiction or diversity
7 jurisdiction. The Complaint contains one cause of action for
8 breach of contract, a state law claim. Both Plaintiff Freaner
9 and Defendant Lutteroth reside in San Diego County, California.
10 Thus, no diversity exists. Since there is no federal question
11 jurisdiction, no diversity jurisdiction and the FAA does not
12 confer an independent basis for federal jurisdiction, Defendant's
13 removal of this matter from state court to federal court lacks
14 any legal basis.

15    **B.   Defendant Bears the Burden of Proof for Removal**
16    Defendant has the burden of establishing that removal is
17 proper, and that the court resolves all ambiguity in favor of
18 remand to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566,
19 (9th Cir. 1992). Removing defendant bears the burden of
20 establishing federal jurisdiction. Abrego Abrego v. Dow Chemical
21 Co., 443 F.3d 676, 682 (9th Cir. 2006).

22    **C.   Strong Presumption Against Removal Jurisdiction**
23    "[I]t is to be presumed that a cause lies outside [the]
24 limited jurisdiction [of the federal courts]..." Abrego, supra,
25 quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,
26 377 (1994).

27    **D.   Plaintiff's Breach of Contract Complaint**
28    Plaintiff filed a straight-forward, breach of contract

1 complaint in the San Diego Superior Court. The Complaint has a
2 single cause of action. The Complaint alleges that Defendants
3 entered into and breached a written services agreement by failing
4 to pay for services that Defendants requested and that Plaintiff
5 performed. Nothing on the face of the complaint indicates that
6 this case is anything but a state law breach of contract case.
7 By the very terms of the written agreement, the contract "is
8 being delivered and is intended to be performed in the State of
9 California and is to be construed and enforced in accordance with
10 the laws of California."

11 **E. Defendant's Position**

12 Defendant argues that this court has original jurisdiction
13 pursuant to 9 U.S.C. sections 205 and 302. Section 205 states:

14 Where the subject matter of an action or proceeding pending
    in State court relates to an arbitration agreement or award
15 falling under the Convention, the defendant or defendants
    may, at any time before trial thereof, remove such action or
16 proceeding to the district court of the United States...

17 9 U.S.C. section 205.

18 Defendant asserts that the Federal Arbitration Act applies
19 because the Agreement at issue in the present case involves
20 "commercial matters." Defendant is presumably referring to the
21 definition of "commerce" under 9 U.S.C. section 1. Yet, what
22 Defendant completely fails to advise this Court in it Removal
23 Petition is that the parties agreed that the laws of the State of
24 California control the interpretation and enforcement of the
25 contract. Again, the parties, by their written contract, agreed
26 that "[t]his Agreement is being delivered and is intended to be
27 performed in the State of California and is to be construed and
28 enforced in accordance with the laws of California."

6

1  Further, Defendant ignores the place-of-performance
2  provision wherein the Defendant agreed that performance of the
3  contract was deemed to occur in California.

4      Lastly, no independent basis for federal jurisdiction
5  exists.  As the Supreme Court has made clear, the FAA, by itself,
6  does not confer federal question jurisdiction.

7  **F.    Enforceability of Choice-of-Law Provision**

8      The California Supreme Court pronounced:

9      In determining the determining the enforceability of arm's-
       length contractual choice-of-law provisions, California
10     courts shall apply the principles set forth the Restatement
       [Second of Conflict of Laws] section 187, which reflects the
11     strong policy favoring enforcement of such provisions.

12     Nedlloyd Lines B.V. v. Superior Court (1992) 2 Cal.4th 459,
       464-465.
13
       The proper approach under Restatement section 187,
14     subdivision (2) is for the court first to determine either:
       (1) whether the chosen state has a substantial relationship
15     to the parties or their transaction, or (2) whether there is
       any other reasonable basis for the parties' choice of law.
16     If neither of these tests is met, that is the end of the
       inquiry, the court need not enforce the parties' choice of
17     law.  If, however either test is met, the court must next
       determine whether the chosen state's law is contrary to a
18     fundamental policy in California.  If there is no such
       conflict, the court shall enforce the parties' choice of
19     law.

20     Nedlloyd, supra, at p. 466.

21     In the present case, the choice-of-laws provision specifies
22  that California state law shall apply to the construction and
23  enforcement of the contract.  California has a substantial
24  relationship to the parties.  Both Plaintiff Freaner and
25  Defendant Lutteroth are California residents.  Moreover, the
26  majority of work that Plaintiff performed occurred here in San
27  Diego, California.  The contract even provided that it "is being
28  delivered and is intended to be performed in the State of

                                7

1 California."

2 In addition, stipulating to apply California law in the
3 event of contract dispute was a reasonable provision under the
4 circumstances. The parties entered into a contract whereby
5 Plaintiff provided advertising and marketing services to the
6 Defendants for use by Defendant Hotelera Coral, a hotel and
7 marina in Mexico. Any dispute that might arise would likely be a
8 breach of contract dispute. Typically, breach of contract claims
9 are governed by state law. Since both Plaintiff Freaner and
10 Defendant Lutteroth reside in California, the most convenient
11 forum for the resolution of a dispute is California state court.

12 California, of course, has codified its policy in favoring
13 the enforceablility of arbitration provisions. See C.C.P.
14 section 1281 et seq. In either federal or state court, the
15 rights of the parties are equally enforceable.

16 In summary, California has a substantial relationship to
17 both the parties and the dispute. The parties' choice-of-law
18 provision is enforceable. As such, California law applies to
19 this state court action.

20
21                              **III.**
22                           **CONCLUSION**

23 The Federal Arbitration Act does not provide an independent
24 basis for federal jurisdiction. As a breach of contract case,
25 state law applies. There is no federal question. Also, as both
26 Plaintiff Freaner and Defendant Lutteroth are residence of
27 California, diversity does not exist.

28 Furthermore, the agreement of the parties should be given

8

effect. The parties agreed that California law applies to any dispute, not federal law. The fact that Defendant now believes it may be to his advantage to have this matter heard in federal court is of no legal import. He entered into the agreement which contains an enforceable choice-of-law provision and should be bound by its terms.

Based on the foregoing reasons and authorities, Plaintiff respectfully requests that this matter be remanded to State court for further proceedings.

**LAW OFFICES OF JAMES J. WARNER**
Respectfully Submitted,

Dated: <u>September 13, 2011</u>          <u>/s/ Frederick M. Reich</u>
                                        Frederick M. Reich
                                        Attorney for Plaintiff
                                        Ariel Freaner