# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL FREANER,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ENRIQUE MARTIN LUTTEROTH VALLE, an individual; HOTELERA CORAL, S.A. de C.V., a stock company of Baja California, Republic of Mexico and DOES 1 to 10,<br><br>　　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 11CV1819 JLS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO COMPEL ARBITRATION; AND (2) DENYING MOTION TO REMAND**<br><br>(ECF Nos. 5, 11) |

　　　Presently before the Court is Plaintiff Ariel Freaner's motion to compel arbitration, (Mot. Compel Arbit., ECF No. 5), and motion to remand action to state court, (Mot. Remand, ECF No. 11). Also before the Court is Defendant Enrique Martin Lutteroth Valle ("Lutteroth") and Hotelera Coral's (collectively, "Defendants") responses in opposition, (Resp. in Opp'n to Mot. Compel Arbit., ECF No. 21); (Resp. in Opp'n to Mot. Remand, ECF No. 18), and Plaintiff's reply in support of motion to remand, (Reply in Supp., ECF No. 19). The motion hearing on the motion to compel arbitration set for November 17, 2011 has been vacated, and the motion hearing on the motion to remand set for December 8, 2011, is **HEREBY VACATED**. The matters are taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's motion to compel arbitration and **DENIES** Plaintiff's motion to remand.

## BACKGROUND

On or about June 23, 2008, Plaintiff and Defendants entered into a written agreement for Plaintiff to design and develop a static web site for Hotelera Coral, located in Baja California, Mexico. (Ex. A at 4, 16, ECF No. 1-2) Between July 2008 and October 2010, "Defendants requested and Plaintiff performed additional extra services not specified in the written Service Agreement." (*Id.* at 4) Pursuant to the terms of the agreement, however, Defendants were to pay Plaintiff an "hourly rate for additional extra services," but Defendants failed to do so. (*Id.*)

Relevant to the instant motion, the parties' agreement contained an arbitration provision:

> **Arbitration**. Any controversy or claim arising out of or related to this Agreement, or breach thereof, shall be submitted to and resolved by binding arbitration. The arbitration will be conducted in San Diego, California by a single neutral arbitrator and in accordance with the then current rules of the American Arbitration Association. The arbitrator shall have the power to enter any award that could be entered by a judge of the trial court of the State of California, and only such power, and shall follow the law. The parties agree to abide by and perform any award rendered by the arbitrator. The arbitrator shall issue the award in writing and therein shall state the essential findings and conclusions on which the award is based. Judgment on the award may be entered in any court having jurisdiction thereof.

(*Id.* at 14) Additionally, the agreement contained a choice-of-law provision:

> **California Law to Govern**. This Agreement is being delivered and is intended to be performed in the State of California and is to be construed and enforced in accordance with the laws of California. Each party consents to the jurisdiction and venue of the state or federal courts in San Diego, California in any action, suit, or proceeding arising out of or relating to this Agreement.

(*Id.*)

Following Defendants' alleged breach, on June 21, 2011, Plaintiff filed a complaint asserting a breach of contract claim in San Diego Superior Court. (*Id.* at 2) Subsequently, Defendant Lutteroth removed the action to this Court pursuant to 9 U.S.C. § 205 and § 302.[1] (Not. of Removal, ECF No. 1) Now, Plaintiff has filed the instant motions (1) to compel arbitration, (Mot. Compel Arbit., ECF No. 5); and (2) to remand the action back to state Court, (Mot. Remand,

---

[1] Though Defendant bases removal on both 9 U.S.C. § 205 (New York Convention) and § 305 (Inter-American Convention), the Court's analysis focuses on § 205. Nevertheless, the Inter-American Convention incorporates by reference the relevant sections of the New York Convention, and thus an analysis of removal pursuant to the Inter-American Convention would mirror the Court's analysis here. *See* 9 U.S.C. § 302 ("Sections 202, 203, 204, 205, and 207 of this title shall apply to this chapter as if specifically set forth herein.").

1    ECF No. 11). Defendants oppose. (Resp. in Opp'n to Mot. Compel Arbit., ECF No. 21); (Resp. in

2    Opp'n to Mot. Remand, ECF No. 18)

## MOTION TO REMAND

**1. Legal Standard**

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. § 1441(a). "District courts have original jurisdiction over an action falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), regardless of the amount in controversy." *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, No. C 08-4871, 2009 U.S. Dist. LEXIS 13570, at *8–9 (N.D. Cal. Feb. 23, 2009) (citing 9 U.S.C. § 203), *aff'd*, 631 F.3d 1133 (9th Cir. 2011). Whether an action "falls under" the New York Convention is defined under § 202:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

Section 205 governs the removability of cases falling under the New York Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205. Although courts generally "strictly construe the [§ 1441] removal statute against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted), "the plain language of § 205 provides federal courts with remarkably broad removal authority,"

1  *Infuturia Global*, 631 F.3d at 1138 n.5 (citing *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)
2  ("[E]asy removal is exactly what Congress intended in § 205.")). Nevertheless, the removing
3  party continues to bear the burden of establishing federal jurisdiction. *Infuturia Global*, 2009 U.S.
4  Dist. LEXIS 13570, at *11 (citing *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838
5  (9th Cir. 2004)). Thus, "the removing party has the burden to show both that (1) an agreement
6  exists that 'falls under' the New York Convention, and (2) the dispute 'relates to' the arbitration
7  agreement." *Id.* (citing *Beiser*, 284 F.3d at 666).

**2. Analysis**

Plaintiff seeks remand of this action to the state court, arguing that Defendants improperly base removal on the Federal Arbitration Act ("FAA"), which "cannot provide the sole basis for federal jurisdiction." (Mot. Remand 3, ECF No. 11) Plaintiff's argument—while compelling had removal in fact been based on the FAA—totally misses the mark here, where Defendants sought removal pursuant to the New York Convention. (*See* Not. of Removal, ECF No. 1) Still, Defendants bear the burden of establishing that removal is appropriate. Here, Defendants contend that removal is appropriate under § 205 because the arbitration agreement (1) falls under the New York Convention and because (2) the subject matter of the litigation relates to the arbitration agreement. (Resp. in Opp'n 13, ECF No. 18)

*A. The Arbitration Agreement "Falls Under" the New York Convention*

Under § 202, "[i]n order for an agreement to fall under the Convention, it must arise out of a commercial relationship. At least one of the parties to the agreement must not be a U.S. citizen, or, if the agreement is entirely between U.S. citizens, it must have some 'reasonable relation' with a foreign state." *Beiser*, 284 F.3d at 666 n.2 (citing 9 U.S.C. § 202; *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144 (5th Cir. 1985)).

Here, there are purportedly three parties to the agreement—Defendants Lutteroth and Hotelera Coral, and Plaintiff. (Resp. in Opp'n 13, ECF No. 18) The agreement arises out of a commercial relationship between Plaintiff and Defendants in that the parties agreed for "design services and products to be sold by Plaintiff to Hotelera." (*Id.* at 10) At least one of the parties to the agreement is not a U.S. citizen given that Defendant Hotelera Coral is a company formed

under the laws of Baja California, Mexico. (*Id.*); (*see also* Countercl. ¶ 3, ECF No. 7)  In addition, even if Hotelera Coral's citizenship is not considered, the agreement has a reasonable relation with a foreign state because it involves property that is located in Baja California, Mexico. (Not. of Removal ¶ 17, ECF No. 1); (Mot. Remand 8, ECF No. 11 ("The parties entered into a contract whereby Plaintiff provided advertising and marketing services to the Defendants for use by Defendant Hotelera Coral, a hotel and marina in Mexico."))  Thus, the Court concludes that the agreement "falls under" the New York Convention.

### B. The Subject Matter of the Litigation "Relates to" the Arbitration Agreement

Having determined that the agreement "falls under" the New York Convention, the Court turns to whether the agreement "relates to" the subject matter of the action. The Ninth Circuit has recently interpreted the "relates to" requirement, concluding that "an arbitration agreement or award falling under the Convention 'relates to' the subject matter of an action whenever it could conceivably affect the outcome of the plaintiff's suit." *Infuturia Global*, 631 F.3d at 1135; *see also Beiser*, 284 F.3d at 669 ("[Federal courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to'.").[2]

Here, Defendants argue that "[t]here is indeed far more than 'a reasonable possibility' that the arbitration clause will be asserted. It has already happened." (Resp. in Opp'n 13, ECF No. 18 (quoting *Hawkins v. KPMG*, 423 F. Supp. 2d 1038, 1047 (N.D. Cal. 2006)). The parties agreed to arbitrate "[a]ny controversy or claim arising out of or relating to [their agreement], or breach thereof." (Ex. A at 14, ECF No. 1-2)  Indeed, both Plaintiff and Defendants have filed motions to

---

[2] This interpretation of the "relates to" requirement is intentionally broad: "Congress favored federal jurisdiction over Convention-related claims in order to promote the development of a uniform body of law under the Convention." *Beiser*, 284 F.3d at 672 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974) ("[The] goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was . . . to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.")); *see also McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1209 ("Congress made it easy for defendants in state-filed Convention cases to remove to federal court.").

1  compel arbitration.  (*See* Not. of Removal ¶ 6, ECF No. 1 (noting that Defendant Lutteroth filed a
2  motion to compel arbitration before the San Diego Superior Court)); (Mot. to Compel Arbit., ECF
3  No. 5) (Plaintiff's motion to compel arbitration filed in this Court)).  Though the parties have as
4  yet been unable to agree on an arbitrator, (*see* Mot. to Compel Arbit. 2, ECF No. 5), because the
5  arbitrator's decision will ultimately determine the underlying issues, the arbitration agreement
6  "could conceivably affect the outcome of the plaintiff's suit." *Infuturia Global*, 631 F.3d at 1135.
7  Thus, it is clear that the agreement "relates to" the subject matter of the action under § 205.

8  *C. Effect of Choice-of-Law Provision*

9  Plaintiff contends that "the parties agreed that the laws of the State of California control the
10  interpretation and enforcement of the contract."  (Mot. Remand 6, ECF No. 11)  Presumably,
11  therefore, Plaintiff is arguing that removal to the federal court is inappropriate because California
12  law—not federal law—should be utilized to determine the arbitrability of the underlying dispute.
13  Although the Ninth Circuit has recently held that "contracting parties have the power to agree to
14  apply non-federal arbitrability law," *Cape Flattery Ltd. v. Tital Maritime, LLC*, 647 F.3d 914, 919
15  (9th Cir. 2011), "courts should apply federal arbitrability law absent 'clear and unmistakable
16  evidence' that the parties agreed to apply non-federal arbitrability law," *id.* at 921 (quoting *First*
17  *Options v. Kaplan*, 514 U.S. 938, 944 (1995)).

18  Here, there is no "clear and unmistakable evidence" that the parties agreed to apply
19  California arbitrability law.  The arbitration provision provides that any dispute arising under the
20  agreement "will be conducted in San Diego, California," and that "[t]he arbitrator shall have the
21  power to enter any award that could be entered by a judge of the trial court of the State of
22  California."  (Ex. A at 14, ECF No. 1-2)  The choice-of-law provision adds that the agreement "is
23  to be construed and enforced in accordance with the laws of California."  (*Id.*)  Taken together,
24  these provisions clearly imply that California law applies to disputes that are subject to arbitration;
25  "[h]owever, the agreement is ambiguous concerning whether [California] law also applies to
26  determine whether a given dispute is arbitrable in the first place.  Faced with such ambiguity, [the
27  Court must] conclude that federal law applies to determine arbitrability."  *Cape Flattery*, 647 F.3d
28  at 921.  Thus, because federal arbitration law applies, removal to this court pursuant to 9 U.S.C.

1 § 205 is appropriate.

**3. Conclusion**

For the reasons stated above, the Court finds that removal was proper pursuant to 9 U.S.C. § 205 because the subject matter of Plaintiff's breach of contract action relates to the parties' arbitration agreement falling under the New York Convention, and because the choice-of-law provision does not apply to the determination of arbitrability. Thus, Plaintiff's motion to remand is **DENIED**.

## MOTION TO COMPEL ARBITRATION

Although the parties agree that the underlying breach of contract dispute is subject to the arbitration provision—in fact both parties have independently filed motions to compel arbitration, Defendants in the state court proceedings and Plaintiff here—the parties have been unable to reach an agreement as to an arbitrator. (Mot. Compel Arbit. 2, 3, ECF No. 5); (Resp. in Opp'n to Mot. Compel Arbit. 2, ECF No. 21 ("Here, it appears indisputable that there is an agreement to arbitrate the 2008 Contract. Thus, the existence of an agreement to arbitrate is not at issue."))

**1. Analysis**

The New York Convention permits a court to "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement." 9 U.S.C. § 206. Here, the parties' arbitration agreement provides that arbitration shall take place in San Diego, California, it requires that there be a "single neutral arbitrator," and it instructs that the arbitration be conducted "in accordance with the then current rules of the American Arbitration Association," ("AAA"). (Ex. A at 14, ECF No. 1-2)

The arbitration agreement does not provide any additional guidance as to how the parties will select an arbitrator; however, the AAA rules, which the parties agreed would govern the arbitration, provide a method for appointment "[i]f the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment." AAA, Commercial Arbitration Rules and Mediation Procedures (effective June 1, 2009), online at http://www.adr.org/si.asp?id=6447; AAA, International Dispute Resolution Procedures (effective June 1, 2009),

online at http://www.adr.org/sp.asp?id=33994; *see also Swallow v. Toll Bros.*, No. C-08-02311, 2008 U.S. Dist. LEXIS 117046, at *14 (N.D. Cal. Sept. 8, 2008) ("Rule 12 of the AAA rules encourages the parties to agree on an arbitrator on the AAA's list of arbitrators but also provides an alternative procedure if the parties cannot agree according to which parties submit objections and rankings that are used by the AAA to select the arbitrator.").

In fact, the parties are in agreement that because they are unable to reach an agreement as to an arbitrator, the Court should order the parties to submit the matter to the AAA for appointment of an arbitrator pursuant to AAA rules. (Mot. Compel Arbit. 5, ECF No. 5 ("Plaintiff respectfully requests that the parties be ordered to submit this matter to binding arbitration through AAA, and that they be ordered to employ the 'strike and rank' arbitrator selection process contained in AAA rules.")); (Resp. in Opp'n to Mot. Compel Arbit. 5, ECF No. 21 ("In the absence of an agreement to an *ad hoc* arbitrator, the 2008 Contract should be submitted to the Triple-A. . . . [T]he Triple-A's . . . Rules provide[] applicable procedures for appointment of an arbitrator where the parties have not appointed an arbitrator and have not provided for an alternative appointment method.")). Thus, the Court **GRANTS** the motion to compel arbitration and **ORDERS** the parties to submit the dispute to the AAA and to employ the arbitrator selection procedures outlined in the AAA rules.

Despite their apparent agreement, the parties nevertheless present the Court with several additional issues they hope to resolve on this motion. First, Defendants request that the Court order that the selected arbitrator be bilingual in Spanish and English. (Resp. in Opp'n to Mot. Compel Arbit. 5, ECF No. 21) The Court declines to do so. The parties' agreement is silent as to whether a bilingual arbitrator is required.[3] Moreover, Defendants can utilize their "strikes" and rankings under the AAA procedures for selecting an arbitrator in order to facilitate the appointment of a bilingual arbitrator.

//

---

[3] The only provision even remotely on point states that "[i]n the unlikely event that a dispute arises, the English version of all correspondence shall govern. Where there is no English version, however, [Defendants] shall be responsible for any costs of translation that may be necessary in the event that a dispute arises." (Ex. A at 13, ECF No. 1-2) This provision weighs against Defendants' arguments for a bilingual arbitrator, if anything.

1  Second, Plaintiff "requests that a finding be made that the law of California apply to this dispute." (Mot. Compel Arbit. 5, ECF No. 5)  Again, the Court declines to make such a determination.  The Court's jurisdiction on removal is limited to determining the existence and enforceability of the arbitration provision. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–404 (1967) (discussing where to draw the line between matters subject to federal court jurisdiction versus arbitration).  To the extent that the choice-of-law provision was relevant to that determination, the Court has already considered it *supra*.  However, "any disputes between the parties about the applicable law [to the underlying dispute] should be for the arbitrator to resolve." *Ramirez v. Cintas Corp.*, No. C 04-00281, 2005 U.S. Dist. LEXIS 43531, at *11 n.1 (N.D. Cal. Nov. 2, 2005) (citing *Prima Paint*, 388 U.S. at 403–04).

Third, Defendants seek an order clarifying the scope of issues to be submitted to arbitration.  (Resp. in Opp'n to Mot. Compel Arbit. 3, ECF No. 21)  Defendants do not contest that "those issues in dispute that correspond to the 2008 contract should be submitted" to arbitration, but contends that those issues in Hotelera Coral's counterclaim pertaining to the 2009 contract should not be submitted to arbitration because they are not subject to any arbitration clause.  (*Id.*)  Plaintiff does not request arbitration of the claims pertaining to the 2009 contract, however.  Plaintiff's motion to compel arbitration pertains only to the 2008 contract dispute; in fact, it was filed the same day as Hotelera Coral's answer and counterclaim, and as such cannot be read to encompass a request for Hotelera Coral's counterclaims to be subject to arbitration as well.  Thus, the Court concludes that it would premature to consider whether to compel arbitration of issues related to the 2009 contract that are the subject of Hotelera Coral's counterclaims as the Court is not yet faced with a motion to compel arbitration of those claims.[4]

---

[4] The fact that some of the parties' claims may be subject to arbitration while others may not does not affect the outcome of the instant motion.  Section 208 of the New York Convention states that the FAA "applies to actions and proceedings" brought under the New York Convention "to the extent that chapter is not in conflict with this chapter."  Thus, cases interpreting certain non-conflicting provisions of the FAA may be helpful authority in determining the scope of arbitration here. Specifically, the FAA reflects a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  As such, the FAA "requires district courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 698 (9th Cir.

1     Fourth and finally, Defendants seek clarification of Plaintiff's specific claims for breach of
2 the 2008 contract, arguing that Plaintiff's "Complaint is without merit" because he "cannot make a
3 legitimate claim under the 2008 Contract." (*Id.* at 7) The Court declines to reach the merits of
4 Plaintiff's underlying claim, however. As mentioned, the Court's jurisdiction is limited to a
5 determination of whether to compel arbitration; the legitimacy of Plaintiff's claim will be
6 determined through arbitration.

**2. Conclusion**

    For the reasons stated above, the Court finds that the parties agree to submit to arbitration for the dispute related to the 2008 contract. Therefore, the Court **GRANTS** Plaintiff's motion to compel arbitration. The parties **SHALL SUBMIT** Plaintiff's claims to the AAA and **SHALL SELECT** an arbitrator pursuant to the AAA rules. Within <u>thirty (30) days</u> of the completion of arbitration, the parties **SHALL FILE** a notice of said completion with the Court.

**CONCLUSION**

    In sum, Plaintiff's motion to remand is **DENIED**; removal is appropriate pursuant to 9 U.S.C. § 205. Plaintiff's motion to compel arbitration is **GRANTED**; the parties are ordered to submit their dispute to arbitration.

**IT IS SO ORDERED.**

DATED: November 17, 2011

                                                          _Janis L. Sammartino_
                                                          Honorable Janis L. Sammartino
                                                          United States District Judge

---

1986).