UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL FREANER, <br><br> Plaintiff, <br> v. <br> ENRIQUE MARIN LUTTEROTH VALLE, et al., <br><br> Defendants. | Case No. 11cv1819-JLS (MDD) <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> [DOC. NO. 48] |

Before the Court is the joint motion of the parties, filed on June 21, 2012, for a determination of a discovery dispute. (Doc. No. 48). The dispute pertains to one interrogatory and two requests for admission propounded by Defendants to Plaintiff.

Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no requirement that the information sought directly relate to a particular issue in the

case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id.*

"An interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party.  Rule 33(d).

Under Fed. R. Civ. P. 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ." Rule 36(a)(1). The responding party, if it does not admit a request,

> "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

Rule 36(a)(4).

## Discussion

Plaintiff has sued Defendants alleging, among other things, that he was not paid for certain services rendered beyond the scope of a contractual agreement

between the parties. Defendants have counterclaimed alleging that Plaintiff failed to perform certain contractual duties. (Doc. Nos. 1, 7).

### 1. Interrogatory No. 8

Defendants request Plaintiff to describe in detail all authorizations that he received to perform services outside the scope of the agreement pursuant to which he was paid $4,000 per month. In response, using the provisions of Rule 33(d), Plaintiff referred Defendants to certain documents that he produced in discovery. The dispute is based upon what Plaintiff said next:

> "Other emails previously produced may also confirm the various 'extra work' projects.  In addition, [Defendants], through [their] authorized agents, requested additional services verbally.  Discovery is continuing."

(Doc. No. 48 at 2).

Defendants seek a further response on the grounds that the reference to "other emails" fails to comply with Rule 33(d) and the reference to verbal authorizations is an insufficient answer. Plaintiff opposes on the grounds that there are hundreds of emails between the parties regarding various projects and that Plaintiff has identified the "extra work" for which he has not been paid. *Id*. at 3.

The Court finds that the challenged portion of Plaintiff's response is inadequate and requires a further response. Plaintiff is **ORDERED** to identify with specificity any emails previously produced that are responsive to the Interrogatory and to describe, in detail, all requests for services transmitted verbally that resulted in work being performed for which he alleges he has not been paid.

### 2. Request for Admission No. 13

Defendants have requested that Plaintiff admit that he failed to deliver to Defendants all of the printed materials that it paid for.  Plaintiff responded that he believes that he delivered all of the printed materials that were paid for by Defendants but lacks sufficient knowledge or information necessary to fully admit or deny after making a reasonable inquiry into his own knowledge or information readily available. (Doc. No. 48 at 3-4).  Defendants seek a further response because

Plaintiff has claimed that Defendants failed to pay him. Plaintiff asserts that he cannot respond as phrased inasmuch as there were different categories of printed materials ordered and delivered. *Id.*

The Court agrees with Plaintiff that this request is too general. No further response is required.

3.  Request for Admission No. 14

Defendants request that Plaintiff admit that Defendants paid him at least $179,882.68, consisting of 12 monthly payments of $4,000 per month and $131,882.68 upon invoices issued by Plaintiff since July 2009. Plaintiff responded that the figures appear accurate but that he lacks sufficient knowledge or information to fully admit or deny. Defendants challenge this response as inadequate considering that Plaintiff has alleged that Defendants failed to pay him for services rendered. Plaintiff counters that he does not have the necessary documentation in order to admit or deny with certainty. (Doc. No. 48 at 4-5).

Plaintiff's response is insufficient. Absent a detailed explanation to the contrary, Plaintiff's own bank and business records are documents that he can "readily obtain" within the meaning of Rule 36(a)(4). Plaintiff is **ORDERED** to admit or deny this request as required by Rule 36(a)(4).

Conclusion

As provided above, Plaintiff is **ORDERED** to respond further to Interrogatory No. 8 and Request for Admission No. 14. Such response must be served no later than fourteen (14) calendar days from the date of this Order.

**IT IS SO ORDERED:**

DATED: July 2, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge