UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL FREANER, <br><br> Plaintiff, <br> v. <br><br> ENRIQUE MARIN LUTTEROTH VALLE, et al., <br><br> Defendants. | Case No. 11cv1819-JLS (MDD) <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: TAX AND RELATED DOCUMENT PRODUCTION** <br><br> [ECF NO. 56] |

Background

Before the Court is the joint motion of the parties, filed on September 7, 2012, for a determination of a discovery dispute. (ECF No. 56). The dispute involves Plaintiff's refusal to produce federal and state tax records pursuant to discovery demands made by Defendants. Plaintiff objects to production on the basis of the California privilege against disclosure of tax returns, privacy and relevance. (ECF No. 56-3). Defendants assert that this case is governed by federal privilege law which does not contain a privilege protecting tax returns and that the returns are relevant. The dispute essentially is a motion to compel production by Defendants.

Plaintiff has sued Defendants alleging, among other things, that he was not paid for certain services rendered beyond the scope of a contractual agreement

between the parties. Defendants have counterclaimed alleging that Plaintiff failed to perform certain contractual duties. (ECF Nos. 1, 7). As provided below, Defendants' motion to compel, as presented in this joint motion, is **DENIED**.

<u>Discussion</u>

Courts in California have created an implied privilege against disclosure of tax returns. *Webb v. Standard Oil Co.,* 49 Cal.2d 509, 513 (1957). The privilege is not absolute; it must be balanced against other public policy considerations. *Schnabel v. Superior Ct.,* 5 Cal.4th 704, 718-21 (1993). "The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved." *Weingarten v. Superior Ct.,* 102 Cal.App.4th 268, 274 (Cal.Ct.App. 2002).

Discovery of tax returns is not privileged under federal law. *Deployment Medicine Consulants, Inc., v. Pipes,* 2010 WL 4853814 *2 (S.D.Cal. Nov. 23, 2010). In the Ninth Circuit, "discovery of tax returns is allowed when 'they are relevant and there is a compelling need for the returns because their information is not otherwise readily attainable from an alternative source.'" *Id. (citations omitted)*.

The initial inquiry in the instant case is whether to apply California or federal law to the question of whether the requested tax returns are privileged. The answer will turn on the application of Fed.R.Evid. 501 which provides, in pertinent part:

> [I]n civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law.

Defendants assert that the instant case presents a federal question with pendant state law claims and that federal privilege law should apply. (ECF No. 56-2 at 5). Plaintiff does not address the choice of law question; he assumes that state law applies and that none of the exceptions to assertion of the privilege is extant in this case. (ECF No. 56-3). It is rarely so simple.

In *Young v. United States,* 149 F.R.D. 199 (S.D.Cal. 1993), the court addressed whether state or federal privilege law applied to a lawsuit brought under the Federal Tort Claims Act. In that case, the plaintiff asserted that because the Federal Tort Claims Act requires the court to look to the law of the state where the injury occurred in determining liability, that state privilege law applied. Defendant argued that in federal question cases, federal privilege law applies. The court found that in Federal Tort Claims Act cases, federal law absorbs or incorporates state law so that federal privilege law applies. The court stated:

> The law governing suits in federal court may be state law operative of its own force, state law incorporated or adopted as the federal law, or specific federal law uniform throughout the United States. . . . Where state law operates of its own force, it is clear that state law provides the rule of decision. However, where the state law becomes, in effect, the federal law by incorporation, then federal law supplies the rule of decision.

*Id.* at 201-202.

Most cases applying federal privilege law are cases based primarily on federal law with pendant state law claims. *See Eagle Precision Technologies, Inc., v. Eaton Leonard Robolix, Inc.,* 2005 WL 6453567 *3-4 (S.D.Cal. May 12, 2005) and cases cited therein. This does not necessarily mean that state privilege law applies only when the case is based solely on diversity of citizenship. The court stated:

> In determining what law to apply when there is neither pure diversity jurisdiction nor pure federal question jurisdiction, most courts use the law that supplies the rule of decision for the element at issue.

*Id.* at 4.

The instant case involves an alleged breach of a contract. The case was filed by Plaintiff in the Superior Court of the State of California but was removed to this Court by Defendants based, in part, upon the Convention on the Recognition and Enforcement of Foreign Tribunal Awards. *See* 9 U.S.C. § 205. (ECF No. 1). Following removal, Plaintiff sought remand to the state court. (ECF No. 11). The district court denied to remand the case finding that federal jurisdiction was appropriate pursuant to 9 U.S.C. § 205, because of the international impact of

1 enforcing the arbitration clause contained in the contract between Plaintiff and
2 Defendants.  (ECF NO. 23).   In addition to the arbitration clause, the contract
3 expressly provided that California law is to govern in any dispute over enforcement
4 of the contract.  (*Id.* at 2).

5       The Court finds that the federal question in this case is limited to the issue of
6 the availability of federal jurisdiction.  The rule of decision for the claims and
7 defenses, outside of the question of whether this case may be maintained in federal
8 court, is state law.  Accordingly, California privilege law applies to the current
9 dispute.

10       Applying California's privilege against disclosure of tax returns, the Court
11 finds that there has been no waiver by Plaintiff, that the gravamen of the lawsuit is
12 not inconsistent with the privilege and that there is no public policy that mitigates
13 against enforcement of the privilege in this case.  Defendants argue that Plaintiff
14 has put his tax returns in issue by claiming that he did not receive certain
15 payments from Defendants and his tax returns may provide some evidence in that
16 regard.  The Court finds that Plaintiff has not sufficiently put his tax returns at
17 issue.

18       Even if federal privilege law applied, the Court would be hard-pressed to find
19 the level of relevance necessary to order the disclosure of Plaintiff's tax returns.

20 Conclusion

21       For the foregoing reasons, Plaintiff need not produce his tax returns in
22 response to Defendants' discovery demands.  Defendants' motion to compel is
23 **DENIED.**

24       **IT IS SO ORDERED:**
25 DATED: September 28, 2012
26
27                                       Hon. Mitchell D. Dembin
                                      U.S. Magistrate Judge
28