UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL FREANER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ENRIQUE MARTIN LUTTEROTH VALLE, an individual; HOTELERA CORAL, S.A. de C.V., a stock company of Baja California, Republic of Mexico; and DOES 1 through 10,<br><br>            Defendants. | CASE NO. 11CV1819 JLS (MDD)<br><br>**ORDER (1) GRANTING EX PARTE APPLICATION TO CONFIRM ARBITRATION AWARD; (2) AWARDING DAMAGES ON COUNTERCLAIM FOR BREACH OF CONTRACT; AND, (3) SETTING DEADLINE FOR FILING OF JOINT MOTION FOR FINAL JUDGMENT** |

Presently before the Court is Defendants Enrique Martin Lutteroth Valle and Hotelera Coral, S.A. de C.V.'s ("Hotelera Coral," and collectively, "Defendants") unopposed Ex Parte Application to Confirm Final Award and Modification to Final Award. (Mot. to Confirm Arbit. Award, ECF No. 107.) Also before the Court are the parties' supplemental filings regarding the amount of damages on Hotelera Coral's pending breach of contract counterclaim against Plaintiff Ariel Freaner ("Plaintiff," or "Freaner"). (*See* Pl.'s Suppl. Br. Re: Damages, ECF No. 103-2; Def.'s Suppl. Br. Re: Damages, ECF No. 104.) Having considered the parties' arguments and the law, the Court **GRANTS** Hotelera Coral's motion to confirm the arbitration award and **AWARDS** damages of $14,139.54 on Hotelera Coral's

counterclaim.  As this Order disposes of all remaining issues in this litigation, the Court **SETS** a deadline of September 12, 2014 for the parties to file a joint motion for final judgment.

## BACKGROUND

This order incorporates by reference the factual and procedural background as set forth in the Court's prior orders.  (*See* Order Granting Motion to Compel Arbitration and Denying Motion to Remand, Nov. 17, 2011, ECF No. 23; Order Denying Motion to Compel Arbitration; Granting in Part and Denying in Part Motion for Partial Summary Judgment, and Setting Deadline for Completion of Pending Arbitration Proceedings, Aug. 22, 2013, ECF No. 93.)  A summary of the most relevant facts is presented here only to provide context for the issues discussed below.

In this breach of contract case, Freaner sued Hotelera Coral, a hotel and resort located in Baja California, Mexico, seeking compensation for graphic design and advertising services that he provided pursuant to a written agreement reached by the parties in June 2008.  (Notice of Removal, Ex. A, ECF No. 1-2.)  Hotelera Coral removed the action to this Court and subsequently filed a counterclaim, alleging that Freaner breached his own obligation to deliver marketing materials and services pursuant to a subsequent agreement that was in effect between July 2009 and June 2010.  (Counter Compl., ECF No. 7.)

The Court referred Freaner's claims to arbitration, but retained jurisdiction over Hotelera Coral's counterclaim.  (Order, Nov. 17, 2011, ECF No. 23; Order, Aug. 22, 2013, ECF No. 93.)  In light of Freaner's acknowledgment that he failed to complete performance of the July 2009 contract, the Court entered summary judgment in favor of Hotelera Coral as to liability only.  (Order, Aug. 22, 2013, ECF No. 93.)  A genuine factual issue remained as to the appropriate amount of damages, however, and the Court ordered the parties to provide supplemental briefing and evidence regarding that issue.  Freaner filed his supplemental briefing regarding

damages on February 20, 2014.  (Pl's Suppl. Br. Re: Damages, ECF No. 103-2.) Hotelera Coral filed its supplemental materials on March 5, 2014.  (Def.'s Suppl. Br. Re: Damages, ECF No. 104.)

Freaner's claims were resolved in an arbitral proceeding conducted under the aegis of the American Arbitration Association's International Centre for Dispute Resolution.  The arbitrator, Richard W. Page, issued a final award on December 16, 2013 absolving Hotelera Coral of liability.  (Mot. to Confirm Arbit. Award, Ex. A, ECF No. 107-1.)  The arbitrator determined that Freaner failed to prove that he had obtained prior written approval for additional services as required by the terms of the parties' agreement.  (*Id.*)  The arbitrator subsequently entered a modification of the final award on February 26, 2014, awarding attorney's fees and costs to Hotelera Coral in the amount of $105,714.  (Mot. to Confirm Arbit. Award, Ex. B, ECF No. 107-2.)

The parties filed a Joint Status Report on March 27, 2014, indicating that they had reached a stipulation as to confirmation of the arbitral award.  (Status Report, ECF No. 105.)  Subsequently, Freaner declined to sign onto a joint motion requesting confirmation of the award by this Court.  Hotelera Coral filed the present ex parte application seeking confirmation of the award on April 16, 2014.  (Mot. to Confirm Arbit. Award, ECF No. 107.)  Freaner has not filed a response or opposition to Hotelera Coral's ex parte application and there is no indication that he has withdrawn his earlier stipulation to confirmation of the arbitral award.

## DISCUSSION

**1.      Ex Parte Application to Confirm Arbitration Award**

The Court referred Freaner's breach of contract claims to arbitration because the June 2008 printed contract between the parties contained a binding and enforceable arbitration clause.  (Order, Nov. 17, 2011, ECF No. 23.)  As the Court previously indicated, the arbitration clause is governed by the Inter-American Convention on International Commercial Arbitration, also known as the Panama

Convention. (Order, Nov. 17, 2011, ECF No. 23; Order, Aug. 22, 2013, ECF No. 93.)

"Confirmation of an arbitration award under the Panama Convention is a summary proceeding." *Empresa De Telecommunicaciones De Bogota S.A. E.S.P. v. Mercury Telco Grp., Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) (citing *American Life Ins. Co. v. Parra*, 269 F.Supp.2d 519, 524 (D.Del. 2003)). "[A] district court's role in reviewing an arbitral award [rendered under the Panama Convention] is strictly limited." *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 257 F. Supp. 2d 681, 685–86 (S.D.N.Y. 2003). "The court is required to confirm the award 'unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [Panama Convention].'" *Id.* at 686 (quoting 9 U.S.C. § 302 (incorporating 9 U.S.C. § 207)).

Article 5 of the Panama Convention presents "just five possible grounds for a district court to refuse to recognize and execute [an] arbitral decision." *Empresa Constructora Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1025 (S.D. Cal. 2000). These grounds are:

> a. That the parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made; or
> b. That the party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense; or
> c. That the decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed; or
> d. That the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the law of the State where the arbitration took place; or
> e. That the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made.

Here, Freaner has not opposed confirmation of the arbitration award and there is no indication that any of the aforementioned grounds for refusing to confirm an award are present. Accordingly, the Court **GRANTS** Hotelera Coral's ex parte application and **CONFIRMS** the final arbitration award rendered on December 16, 2013, as well as the modification of the final award issued on February 26, 2014, awarding costs and attorney's fees in favor of Hotelera Coral in the amount of $105,714.

## 2. Award of Damages on Hotelera Coral's Counterclaim for Breach of Contract

In its August 22, 2013 ruling, the Court declined to enter summary judgment as to damages on Hotelera Coral's counterclaim because a genuine factual dispute existed as to the amount of damages to which Hotelera Coral is entitled for Freaner's breach of the parties' agreement. Based on the briefing and evidence submitted by the parties, the Court must now determine the amount of damages.

Hotelera Coral fully performed its end of the bargain by paying Freaner $4,000 per month for the life of the contract, or $48,000 in all. Freaner materially and substantially breached the contract by failing to deliver on 17 time-sensitive work orders submitted by Hotelera Coral through an online request system developed by Freaner. Hotelera Coral submitted 47 such work orders over the entire contract term.

In its original counter complaint, Hotelera Coral alleged that Freaner failed to deliver, *inter alia*, a dynamic website with 3-D functionality, and therefore sought contract damages, including $53,000 in lost profits and $26,150 in costs incurred to hire a new web design team. (Counter Compl. ¶¶ 44–47, ECF No. 7.) Hotelera Coral now insists, however, that it no longer seeks lost profits or other consequential damages flowing from Freaner's breach and has instead "limited its request" to reimbursement for the 17 work orders that Freaner did not fulfill. (Def.'s Suppl. Br. Re: Damages 6, ECF No. 104.) According to Hotelera Coral, the sought-after

remedy is "akin to disgorgement or restitution." (*Id.*)

The parties apparently agree that California law governs the dispute. The printed contract drawn up by Freaner in July 2009 contains a choice-of-law clause explicitly stating that the contract "shall be construed and enforced in accordance with the laws of California." (*See* Notice of Lodgment in Supp. of Opp'n to Summ. J., Ex. 3, 2009 Contract, §19e, ECF No. 68-6.) Hotelera Coral has argued that the printed contract never went into effect and that the parties acted pursuant to an oral agreement, but Hotelera Coral relies exclusively on California law in its briefing and has not invoked the law of any other jurisdiction. (*See* Brief in Supp. of Mot. for Partial Summ. J. 6–8, ECF No. 64-8.)[1] Accordingly, the Court will proceed to apply California law in determining the appropriate amount of damages.

In California, "in the case of breach of contract, [a plaintiff] may treat the agreement as alive and effective, suing for damages for breach, or he may assume the contract dead and proceed to obtain restitution." *Jozovich v. Cent. Cal. Berry Growers Ass'n,* 6 Cal. Rptr. 617, 626 (1960); *see also Akin v. Certain Underwriters At Lloyd's London*, 44 Cal. Rptr. 3d 284, 287 (2006) ("[Upon a substantial breach, a plaintiff may] treat [a] contract as rescinded and recover damages resulting from the rescission . . . [or] treat the contract as repudiated by the other party and recover damages to which [it] would have been entitled had the other party not breached the contract or prevented . . . performance."). "Restitution is defined as restoration of the status quo by the awarding of an amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff [the] value of what he parted with in performing the contract." *Dunkin v. Boskey*, 98 Cal. Rptr. 2d 44, 63 (2000) (internal quotations and citations omitted).

The remedy of restitution is usually not available to one who has fully

---

[1] Hotelera Coral cited California case law in its brief supporting its original motion for partial summary judgment on the breach of contract counterclaim. There are no cases, statutes, regulations, or other legal authorities discussed in Hotelera Coral's most recent briefing regarding the proper amount of damages. (*See* Def.'s Suppl. Br. Re: Damages, ECF No. 104.)

performed his part of a contract. *Oliver v. Campbell*, 273 P.2d 15, 20 (1954). Nonetheless, "full performance does not make restitution unavailable if any part of the consideration due from the defendant in return is something other than a liquidated debt," such as the rendering of personal services. *Id.* (internal quotations omitted).

"A party seeking restitution must generally return any benefit that it has received." *Dunkin*, 98 Cal Rptr. 2d at 63 (citing *California Federal Bank v. Matreyek,* 10 Cal.Rptr.2d 58, 63 (1992)). Where restoration of benefits derived from a defendant's partial performance of a contract is impossible, restitution is typically still available if the value of the defendant's performance can be determined and credited against the plaintiff's recovery. *See, e.g.*, *Landmark Land Co., Inc. v. F.D.I.C.*, 256 F.3d 1365, 1373 (Fed. Cir. 2001) ("Because the purpose of restitution is to restore the plaintiff to its status quo ante, the award to the plaintiff must be reduced by the value of any benefits that it received from the defendant under the contract, so that only the actual, or net, loss is compensated." (citation omitted)); *Am. Sav. Bank, F.A. v. United States*, 62 Fed. Cl. 6, 18 (Fed. Cl. 2004) ("When a contract is breached, restitution requires the parties to return the benefit each received from the other during performance of the contract to prevent an unjust enrichment to one of the parties. . . . The Court must . . . determine the value of the benefit received by [plaintiff from defendant's partial performance of the contract]."); *David M. Somers & Assocs., P.C. v. Busch*, 927 A.2d 832, 841 (2007) ("The proper measure of damages to apply when a party breaches a contract, and later seeks restitution for partial performance prior to the breach, is the value of the benefit resulting from the partial performance." (citation omitted)).

Here, the remedy that Hotelera Coral is seeking calls for the return of $48,000 paid to Freaner over the life of the contract, reduced to reflect the value of Freaner's partial performance. Hotelera Coral argues that the value of Freaner's partial performance must be determined by uniformly apportioning the total contract price

to all work orders placed during the contract term. (Def.'s Suppl. Br. Re: Damages 5–6, ECF no. 104.) Because Hotelera Coral placed 47 work orders and Freaner completed 30 of them, Hotelera Coral's methodology results in a credit of $30,638.30 for Freaner's partial performance and a net restitution of $17,361.70.[2]

Freaner contends, however, that the services that he rendered cannot be valued by evenly apportioning the contract price to the work orders submitted by Hotelera Coral. (Pl.'s Suppl. Br. Re: Damages 2–3, ECF No. 103-2.) Rather, Freaner argues that his performance should be valued by evenly apportioning the contract price to each of Hotelera Coral's "individual requests for work." (*Id.* at 1–2.) Freaner insists that Hotelera Coral ignored his instructions regarding use of the online request system and actually submitted multiple requests for work within each work order. (*Id.* at 2.) Thus, he maintains that it would be unjust to assign an equal portion of the contract price to each work order, as some work orders were substantially more demanding than others. (*Id.* at 2–3.) Freaner's method, properly implemented, indicates that Hotelera Coral submitted 129 individual requests for work and Freaner completed 91 of them, resulting in a credit of $33,860.46 for Freaner's partial performance and net restitution to Hotelera Coral of $14,139.54.[3]

The Court agrees with Freaner that it may be unjust to apportion the contract

---

[2] In its briefing, Hotelera Coral requests 17,280 in damages, which appears to be an approximation. (Def.'s Suppl. Br. Re: Damages 6, ECF No. 104.)

[3] Although Freaner claims that apportionment of the total contract price should account for 66 items that Hotelera Coral did not request through the online work order system, the Court declines to consider these items in calculating damages. (Pl.'s Suppl. Br. Re: Damages 3–4, ECF No. 103-2; Freaner Decl. ¶ 11, ECF No. 103.) Freaner previously characterized those items as additional services beyond the contract's scope and unsuccessfully attempted to obtain compensation with respect to those services in the arbitral proceeding. (Def.'s Suppl. Br. Re: Damages 7–9, ECF No. 104.)
Moreover, Freaner's calculation of damages contains a clear error. He distributes the total contract price across all individual requests for work, but then values his partial performance by reference to the number of work orders completed. (Pl.'s Suppl. Br. Re: Damages 4, ECF No. 103-2.) His damages calculation therefore reflects non-delivery of 17 individual requests for work; Freaner completed only 91 individual requests for work within the contract's scope, however, and failed to deliver on the remaining *38*. (*See* Notice of Lodgment in Supp. of Pl.'s Suppl. Br. Re: Damages, Ex. Z, ECF No. 104-4.)

price evenly with respect to each work order—the contract is likely not divisible on this basis. Freaner's briefing indicates, however, that the contract price may be evenly apportioned with respect to individual requests for work and the Court sees no reason to reject Freaner's method of valuing his own services.[4] Accordingly, the Court will adopt the aforementioned calculation of damages, which results in an award of $14,139.54, slightly lower than the amount requested by Hotelera Coral.

**3.     Deadline for Filing for Joint Motion for Final Judgment**

In a Joint Status Report filed March 27, 2014, the parties represented that confirmation of the arbitral award and determination of the amount of damages on Hotelera Coral's counterclaim were the only matters remaining in this litigation and the parties indicated that they would file a joint motion for entry of final judgment upon the Court's resolution of these issues. Accordingly, the Court **HEREBY SETS** a deadline of September 12, 2014 for the parties to file a joint motion for entry of final judgment in this action.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Hotelera Coral's unopposed ex parte application for confirmation of the final arbitral award and

///
///
///
///
///
///

---

[4] Freaner's calculation of damages, although flawed, assumes the divisibility of the contract price based on individual requests for work, and the Court's damages calculation employs this method as well. (*See* Pl.'s Suppl. Br. Re: Damages 1, ECF No. 103-2 ("[Mr. Freaner] performed approximately 195 tasks of varying degrees of complexity for Hotelera Coral. . . . As the Court determined, Mr. Freaner did not perform 17 of Hotelera's requests for work. Mr. Freaner was paid a total of $48,000. Therefore, assuming all of the 195 tasks had an equal value, the value of the work that he did not perform is approximately $4,180.80 (17/195 x $48,000).").)

modification of the final arbitral award, **AWARDS** damages to Hotelera Coral in the amount of $14,139.54, and **SETS** a deadline of <u>September 12, 2014</u> for the parties to file a joint motion for entry of final judgment.

**IT IS SO ORDERED.**

DATED: August 22, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge